**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| Kevin A. Over, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>City of Gary, Indiana – Park Department,<br><br>Defendant. | CAUSE NO. 2:26-CV-492-PPS |

**OPINION AND ORDER**

Kevin A. Over, Sr., proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis*. Because Over wishes to proceed with this lawsuit free of charge, I must review it under 28 U.S.C. § 1915(e)(2)(B). Under that statute, I am required to review the complaint and dismissed if it is (1) "frivolous", *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) fails to state a claim, *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); or (3) seeks monetary damages against a defendant who is immune from such damages. Section 1915(e)(2) applies to all litigants who seek to proceed without paying the filing fee, not just prisoners. *See Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Over's complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

Over's complaint is very short and difficult to decipher. Here it is in its entirety:

> I[,] Kevin A. Over[,] Sr. taking the City of Gary and the Park's Department for missing earn income statements for the period of the time frame of 30 years of working in the Park's Department so my ret[ire]ment can be fully complete. Social Security informed without the missing years of earn income statements they can't complete my re[tire]ment's benefits. I [have] been trying [to] work with City of Gary – Park Department since 2024 when Social Security informed me to retried me.

[DE 1 at 1.] He attached an earnings summary indicating that his employer submitted earnings for the years of 1998 through 2002, 2013 and 2016. He lists "the employment years [he has] found" as 1996, 2010 through 2013, and 2015 through 2017, however. [*Id.* at 2.] It is not stated whether his set of years supplements or displaces his employer's set. It is also not clear if Over worked additional years but could not find paystubs for them; Over states that he worked in the "Parks Department" for "30 years," but his complaint makes no mention of working in 1997, 2003 through 2009, or from 2018 onward. [DE 1 at 1-2.]

The complaint is simply too threadbare for me to determine whether it states a claim for relief. More importantly it is not immediately clear that I have subject matter jurisdiction. *Yee v. Doe*, No. 1:26-CV-00013-CCB-ALT, 2026 WL 810761, at *1 (N.D. Ind. Mar. 24, 2026) (stating that *pro se* complaints "must contain a short and plain statement of the grounds for the Court's jurisdiction"). It's not obvious how Over has been (legally)

injured—though his situation sounds incredibly frustrating—or what right he seeks to vindicate, let alone what statute entitles him to a federal remedy.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). In this case, the issues with the claim—the unclear basis for federal jurisdiction and the general lack of detail throughout the complaint, among others—*may* be fixed with an amendment. Amendment of future complaints may be futile, but I am not convinced that amendment of this one is. Thus, I will grant leave to amend.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and the motion to proceed in forma pauperis [DE 3] is **DENIED**. Over shall have thirty days to file an amended complaint.

SO ORDERED.

ENTERED: November 12, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT